ROBERTS, Justice
(dissenting).
This direct appeal brings for review an order of the Circuit Court holding constitutional Florida Statute § 57.22, F.S.A. and denying relief against adverse award in an arbitration proceeding.
A car driven by Carol Roberson and owned by David Lee Calvin was involved in an intersection accident with another automobile operated by Leroy Wilson. At the time of the accident Wilson had an automobile insurance policy with Prudence Mutual Casualty Company, under which he was afforded uninsured motorist protection, but which provided for arbitration of any disputed claim under the uninsured motorist protection clause to be in accordance with the rules of the American Arbitration Association. His policy further provided that judgment under the award rendered by the arbitrator could be entered in any court having jurisdiction and that either party would consider itself bound by any award made by the arbitrator.
Wilson, through his attorney, filed a demand for arbitration with the American Arbitration Association, claiming injuries as a result of the intersection accident. An arbitrator was selected, to which no objection was made, a hearing held, and the matter brought on for final disposition before the arbitrator. The arbitrator rendered his award disallowing the claim of Wilson, and timely thereafter Wilson filed a petition in the Circuit Court requesting the court to vacate the arbitrator’s award. His petition being denied, Wilson then contended that Florida Statute § 57.22, F.S.A. is unconstitutional in that it does not provide for a method of appellate review and in effect says it deprives him of his right to appeal under Article V, Section 5(3) of the Florida Constitution, F.S.A. The trial court upheld the constitutionality of Florida Statute § 57.22, F.S.A., denied Wilson’s petition, and entered judgment on the award. In this posture, we have for review the constitutionality vel non of Florida Statute § 57.22, F.S.A., and the contention of Wilson that he is entitled to a judicial review and that the arbitration award should be vacated and set aside on the contention made in his petition.
*303 We have heard argument of counsel and carefully reviewed the briefs, and it is our opinion, and we hold, that the trial court was eminently correct in upholding Florida Statute § 57.22, F.S.A. against the attack made on it by Wilson.
We then reach the question of whether or not a showing has been made for relief under Florida Statute § 57.22, F.S.A. The answer to that question is not so easy.
Florida Statute § 57.22, F.S.A., among other things, provides:
“Vacating an award.
“(1) Upon application of a party, the court shall vacate an award when: * * *
“(b) There was evident partiality by an arbitrator appointed as a neutral or corruption in any of the arbitrators or umpire or misconduct prejudicing the rights of any party; * * *”
In support of appellant’s petition for relief under the statute he tenders an affidavit by Bruce S. Schwartz in the following language:
“BEFORE ME, the undersigned authority, personally appeared BRUCE S. SCHWARTZ who, after being duly sworn, on oath deposes and states:
“1. That I am an attorney duly licensed to practice law in the State of Florida and am, in fact, engaged in such activity.
“2. That I was the attorney who handled the case of LEROY WILSON v. PRUDENCE MUTUAL CASUALTY COMPANY, Arbitration Case # MIA-AC-264-65, and represented the claimant, LEROY WILSON, at all times in this proceeding.
“3. That I prepared and presented the claimant’s case before the Arbitrator, THOMAS J. SCHULTE, ESQ.
“4. That prior to the appointment of this Arbitrator, the PRUDENCE MUTUAL CASUALTY COMPANY, through its attorneys, HAWKES-WORTH and KAY, had offered in settlement of this uninsured motorist claim the sum of THREE THOUSAND AND NO/100 ($3,000.00) DOLLARS. That subsequent to the appointment of this particular arbitrator, this offer of settlement was withdrawn.
“5. That at the time of Final Argument, after all the evidence had been presented to the Arbitrator, the Arbitrator stated to both counsel that he did not want to hear argument in regard to liability inasmuch as he had already decided that the claimant, LEROY WILSON, was free of any negligence and that his injuries had been caused by the negligent operation of the automobile of the uninsured driver.
“6. That subsequent to the Arbitrator’s award, your Deponent had occasion to discuss this case with the Arbitrator on the telephone and, at that time, he indicated to your Deponent that his decision was based on his finding that the claimant was not negligent and that the uninsured motorist was negligent cmd was the cause of the accident but that the claimant had suffered no injuries from this automobile accident.
“7. That the claimant presented testimony in the form of exhibits and in the form of testimony from Dr. Von D. Mi-zell as to the damages sustained as a proximate result of this collision. That Dr. Mizell testified that the claimant had sustained a permanent partial disability as a result of the injuries sustained by the claimant in this collision.
“8. That the only evidence presented were the bill of Dr. Von D. Mizell and the Broward General Hospital.
“9. That there was no independent examination by another doctor, and that there was no basis in law or fact for the Arbitrator’s decision.”
(Emphasis supplied.)
*304 Our attention is also directed to an itemized bill from Broward General Hospital in the amount of $358.20, and another from North Broward Hospital District of $25.30, and the sworn statement of other expenses, with the grand total of $878.50. It is difficult to reconcile the existence of these hills with the statement of the arbitrator alleged under oath as follows:
“6. That subsequent to the Arbitrator’s Award, your Deponent had occasion to discuss this case with the Arbitrator on the telephone, and, at that time, he indicated to your Deponent that his decision was based on his finding that the claimant was not negligent and that the uninsured motorist zuas negligent and was the cause of the accident hut that the claimant had suffered no injuries from this automobile accident.’1
(Emphasis supplied.)
The affiant, Bruce S. Schwartz is an attorney at law in good standing in the State of Florida and therefore an officer of the court, and we can not treat lightly his sworn statement concerning the announcement by the arbitrator. Therefore, it is our opinion, and we hold, that the petition, buttressed by the affidavit above mentioned, made a proper showing under Florida Statute § 57.22(1) (b), F.S.A. that would require the trial court to inquire into the impartiality vel non of an arbitrator who had been appointed as a neutral.
I would reverse the cause and remand it with directions that the trial court reinstate the petition for vacation filed by the appellant and determine whether or not the arbitrator was neutral and impartial in the performance of his duties.